UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BOWIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAISER FOUNDATION HEALTH PLAN INC.,<br><br>　　　　Defendant. | Case No. 23-cv-06546-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

　　　　The motion to dismiss is granted. This ruling assumes the reader is familiar with the facts, the record, and the arguments made by the parties.

　　　　1. A plaintiff asserting failure to accommodate claim under Title VII and the FEHA must allege (and eventually prove) that "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see Weiss v. Permanente Medical Group, Inc.*, No. 23-cv-03490, 2023 WL 8420974, at *2 (N.D. Cal. Dec. 4, 2023).

　　　　The allegations in the complaint and the materials incorporated by reference make clear that Bowie failed to adequately inform Kaiser of his religious belief and explain how it conflicted with the COVID-19 vaccine mandate. Bowie told Kaiser he wanted an exemption because, as a Christian, he believes his "body is the temple of the Holy Spirit" and what he puts into his body is between him and God. Strauss Decl., Ex. A. But he never explained to Kaiser why his belief conflicts with either receiving vaccines in general or with Kaiser's COVID-19

vaccine mandate in particular. After Bowie's initial request for an exemption, Kaiser reasonably asked Bowie for further information, including what else Bowie refuses to put in his body because of his religious belief. Beyond mentioning that he had previously declined a flu vaccine, Bowie effectively refused to answer the question, instead simply repeating: "What I choose to put in my body is a sincerely held religious belief that is between me and my God . . . per my previous answer." Strauss Decl., Ex. C. That is not enough information to allow an employer to determine whether an objection to a vaccine is religious in nature, as opposed to a more generic objection that anyone could make, along the lines of "nobody can tell me what to put in my body." Perhaps Bowie could have provided a fuller explanation for why putting vaccines in his body was contrary to his religion as opposed to merely contrary to his preferences. But given his unsatisfactory response to Kaiser's reasonable request for elaboration, as a matter of law Kaiser was justified in denying the accommodation.

     2. To state a claim for disparate treatment, a plaintiff must allege "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603. Bowie offers no allegation that similarly situated individuals were treated more favorably. He alleges that Kaiser granted about two-thirds of the 16,000-plus religious accommodation requests it received, but he doesn't provide any detail as to whether the people who received accommodations were similarly situated to him in "material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). For instance, Bowie doesn't allege any facts about those employees' job responsibilities, religious beliefs, or (as particularly relevant here) explanations provided to Kaiser about the conflict between their beliefs and the COVID-19 vaccine policy.

     3. Because Kaiser's denial of Bowie's request for an exemption from the vaccination requirement was reasonable as a matter of law, it follows that he has no retaliation claim based on Kaiser's decision to revoke his access to email or to terminate him for refusing to comply

with that requirement.

Given the allegations in the current iteration of the complaint and the materials incorporated by reference, it seems highly unlikely that Bowie can fix his religious discrimination claims. But in an abundance of caution, dismissal is with leave to amend. Any amended complaint must be filed within 14 days of this order. If no amended complaint is filed by that deadline, dismissal will be with prejudice.

**IT IS SO ORDERED.**

Dated: August 16, 2024

VINCE CHHABRIA
United States District Judge